UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON DANIELS, #740153,

                    Petitioner,

                                                      Case No. 14-CV-11755

v.

                                                      HON. MARK. A. GOLDSMITH

LORI GIDLEY,

                    Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO STAY (Dkt. 2)

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner, proceeding pro se, is incarcerated at the Oaks Correctional Facility in Manistee, Michigan. On August 3, 2010, following a jury trial in the Wayne Circuit Court, Petitioner was convicted of (i) first-degree murder in violation of Mich. Comp. Laws § 750.316, (ii) armed robbery in violation of Mich. Comp. Laws §750.529, and (iii) possession of a firearm during the commission of a felony in violation of Mich. Comp. Laws §750.227b. Pet. at 1 (Dkt. 1). On September 8, 2010, Petitioner was sentenced to concurrent prison terms of life for the murder conviction, 20-to-40 years for the armed robbery conviction, and a consecutive two-year sentence for the felony firearm conviction. Id. The petition raises three claims: (i) Petitioner was denied the right to substitute counsel before trial; (ii) the trial court failed to instruct the jury on the lesser offense of manslaughter; and (iii) Petitioner was denied the effective assistance of appellate counsel for failing to raise a claim of ineffective assistance of trial counsel. Id. at 5-11.

Petitioner has also filed a motion to stay the proceedings. Pet. Mot. (Dkt. 2). He enumerates an additional seven claims he wishes to raise in his petition that have not yet been exhausted in the state courts: (i) Petitioner's right to a public trial was violated by the exclusion

of the public from jury selection; (ii) trial counsel was ineffective for failing to object to the exclusion of the public; (iii) the trial court engage in an ex parte communication with members of the jury; (iv) Petitioner's trial counsel was ineffective in his overall performance; (v) Petitioner has been denied access to his transcripts; (vi) the jury instructions were erroneous; and (vii) Petitioner was denied the opportunity to interview a key prosecution witness prior to trial. Id. ¶ 6. He asserts that he will file a motion for relief from judgment in the trial court, raising these claims. Id.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must be given an opportunity to rule upon all of Petitioner's claims before he can present those claims on habeas review. Otherwise, this Court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. O'Sullivan, 526 U.S. at 845. To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan

Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

The Michigan Rules of Court provide a process through which Petitioner may raise his unexhausted claims. See M.Ct.R. 6.500 et seq. (establishing procedures for post-appeal relief). He may then appeal the trial court's decision to the state appellate courts as necessary. Petitioner's unexhausted claims should first be addressed to, and considered by, the Michigan courts.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. Rhines v. Weber, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. Id. at 277.

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278. Generally, courts provide petitioners 30 days to file a motion in state court after the federal habeas proceeding is stayed. Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001) and imposing 30-day time limits on the petitioner's trip to state

3

court and back). Upon exhaustion of the claims in state court, petitioners also have 30 days to reopen their federal habeas case. Id.

Here, Petitioner has demonstrated a need for a stay. Petitioner seeks to pursue new claims which have not been presented to the state courts, but the one-year statute of limitations, 28 U.S.C. § 2244(d)(1), poses a concern, if the Court were to dismiss the petition to allow for further exhaustion of state remedies, because Petitioner appears to have filed his petition about one month before the expiration of the one-year period. See Pet. at 2. Petitioner seeks to present new issues concerning the effectiveness of his trial counsel, which may provide good cause. The Court also finds that the unexhausted claims do not appear to be plainly meritless and there is no evidence of intentional delay. Rhines, 544 U.S. at 277.

Accordingly, the Court grants Petitioner's motion to stay the proceedings and hold the habeas petition in abeyance. These proceedings are stayed. The stay is conditioned on Petitioner presenting the unexhausted claims to the state courts within 30 days of the filing date of this order by filing a motion for relief from judgment with the trial court. See Palmer, 276 F.3d at 781. The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend the petition, using the same caption and case number, within 30 days of fully exhausting state remedies. Id. Should Petitioner fail to comply with these conditions, the case may be dismissed. Lastly, this case is closed for administrative purposes pending compliance with these conditions. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. Sitto v. Bock, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

SO ORDERED.

Dated: July 7, 2014                            s/Mark A. Goldsmith
       Flint, Michigan                      MARK A. GOLDSMITH
                                               United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 7, 2014.

                                                      s/Deborah J. Goltz
                                                      DEBORAH J. GOLTZ
                                                      Case Manager