UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON DANIELS,

                      Petitioner,                     Case No. 4:14-cv-11755
                                                                           Hon. Mark A. Goldsmith

v.

LORI GIDLEY,

                      Respondent.
_____/

## ORDER (1) DENYING PETITIONER'S THIRD MOTION TO HOLD PETITION IN ABEYANCE (Dkt. 17) AND (2) DENYING RESPONDENT'S MOTION TO VACATE ORDER (Dkt. 20)

Petitioner Aaron Daniels filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising the three claims that he presented to the state courts in his direct appeal. On July 7, 2014, this Court entered an order holding the case in abeyance to allow Petitioner to present an additional seven claims to the state courts in a post-conviction proceeding. See 7/7/2014 Order (Dkt. 4).

Petitioner filed an amended petition on August 20, 2014 (Dkt. 7), erroneously claiming that he exhausted his state court remedies with respect to his new claims and that his petition was ready for review. The Court reopened the case to its active docket on November 6, 2014. See 11/6/2014 Order (Dkt. 8). Respondent filed a motion to vacate the order reopening the case (Dkt. 10), correctly noting that Petitioner had not yet appealed the denial of his motion for relief from judgment to the state appellate courts. Petitioner filed what he labeled a "Motion to Strike" (Dkt. 11), agreeing with Respondent. The Court granted the motion to vacate the order reopening the case, and the case remained stayed. See 7/15/2015 Order (Dkt. 12).

Nothing occurred in the case for almost two years. Then, on April 20, 2017, Petitioner filed a "Motion to Strike Petition for Writ of Habeas Corpus and Reinstate" (Dkt. 14). Petitioner did not clearly state the relief he sought in the motion, but the Court interpreted it as a request to reopen the case. The Court ordered the case to be reopened and directed Petitioner to file an amended petition and Respondent to file a responsive pleading. See 1/22/2018 Order (Dkt. 15).

In apparent response to this order, Petitioner filed a third motion to hold his petition in abeyance so that he could attempt to exhaust his state court remedies with respect to his post-conviction review proceeding claims (Dkt. 17). Petitioner also filed an amended petition, indicating clearly that he wishes to raise in this action all the claims he raised on direct appeal and in his motion for relief from judgment (Dkt. 18).

On May 9, 2018, in answer to the motion and amended petition, Respondent filed a motion to vacate the Court's January 22, 2018 order (Dkt. 20). Respondent indicated that Petitioner never appealed the denial of his motion for relief from judgment to the state appellate courts, and that the case should continue to be held in abeyance pending Petitioner's attempt to pursue state appellate review. 5/9/2018 Mot. at 3-4. The motion also indicated, however, that the trial court denied Petitioner's motion for relief from judgment in orders dated December 1, 2014, and April 21, 2016. Id. at 3. This assertion is confirmed by the trial court's docket sheet.[1]

The time for appealing the trial court's orders denying his motion for relief from judgment (six months) has long since expired. See Mich. Ct. R. 6.509(A) and 7.205(G)(3). Nor may Petitioner start over again in the trial court with a second motion for relief from judgment. See Mich. Ct. R. 6.502(G). In other words, Petitioner no longer has a way to present his unexhausted

---

[1] A federal district court is permitted to take judicial notice of information contained on another court's website. See, e.g., Ward v. Wolfenbarger, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004).

claims to the state courts. Reinstatement of the order holding the case in abeyance is therefore not warranted. See, e.g., Love v. Burt, 2015 WL 3916098, *9-11 (E.D. Mich. June 25, 2015) (habeas petitioner not entitled to stay where he did not have an available state court remedy); Rhines v. Weber, 544 U.S. 269, 278 (2005) (stay orders must "place reasonable time limits on a petitioner's trip to state court and back."). Because Petitioner no longer has an available "trip to state court and back," there is no basis for staying the case.

Accordingly, Petitioner's motion to hold the case in abeyance (Dkt. 17) is denied. Respondent's motion to vacate the Court's order of January 22, 2018 reopening the case (Dkt. 20) is also denied. Respondent shall file a responsive pleading to Petitioner's amended petition (Dkt. 18), along with the necessary Rule 5 material, within 60 days of this order. Petitioner may file a reply within 60 days of service of the responsive pleading.

SO ORDERED.

Dated: August 29, 2018　　　　　　　　　　s/Mark A. Goldsmith
　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 29, 2018.

　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　Case Manager